IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| FRAZIER GLENN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.  06-5032-CV-S-RED |
| | ) |
| ROBIN CARNAHAN, | ) |
| Missouri Secretary of State, | ) |
| | ) |
| Defendant. | ) |

## ORDER

NOW before the Court are Defendant's Motion to Dismiss with Suggestions (Doc. 11), and

Plaintiff's Motion to Deny Defendant's Motion to Dismiss with Suggestions (Doc. 16).  For the

reasons stated herein, Defendant's Motion to Dismiss with Suggestions is due to be granted.

Plaintiff brings this case against Missouri Secretary of State, Robin Carnahan, in her official

capacity.  The suit alleges two counts, one for a civil rights violation under 42 U.S.C. § 1983, and

the other for exemplary damages.  Plaintiff alleges that his civil rights were violated when he

attempted to have his name put on the ballot for the Democratic primary election for the office of

7th District United States Congressman and Defendant refused to list Plaintiff on the ballot, because

Plaintiff's filing fee and candidacy had been rejected by the Democratic party.

### Motions to Dismiss

A complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief.  *See Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 545-46 (8th Cir.1997) (*quoting Fusco v.*

*Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982) (citation omitted) (emphasis added)).  The complaint

must be liberally construed in the light most favorable to the plaintiff and should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *See Parnes*, 122 F.3d at 546. And when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).

**Plaintiff's Section 1983 Claim (Count I)**

Plaintiff asserts a § 1983 claim against the Office of Secretary of State.[1] The law is clear that a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) *citing Brandon v. Holt*, 469 U.S. 464, 471. As such, it is no different from a suit against the State itself. *Will*, 491 U.S. at 71, *citing Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). The Supreme Court has held that neither a State nor its officials acting in their official capacities are "persons" under § 1983. *Will*, 491 U.S. at 71.

However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71, *quoting Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). To the extent Plaintiff is seeking injunctive relief, i.e. for his name to be placed on the

---

[1] In his response/Motion to Deny Defendant's Motion to Dismiss with Suggestions (Doc. 16), Plaintiff reminds the Court that he is representing himself *pro se* in this matter. He urges the Court not to dismiss on "technical grounds" rather than the "merits of my complaint itself." It is clear that although *pro se* complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). "[*P]ro se* litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Cunningham v. Ray,* 648 F.2d 1185, 1186 (8th Cir.1981).

2

primary ballot as a Democratic candidate, he has failed to state a claim against Defendant as the Defendant is immune from Plaintiff's claims under the qualified immunity doctrine. Public officials will be "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Under Missouri law, political parties ordinarily must nominate candidates through a primary election, *see* Mo.Rev.Stat. §§ 115.307, 115.339, and the winner of the primary election for a party is the only candidate of that party permitted on the general election ballot, *see* Mo.Rev.Stat. § 115.343. Filing fees for candidates to political offices are to be paid to the treasurer of the political party upon whose ticket the candidate seeks nomination. Mo. Rev. Stat. § 115.357 (1). The fee can also be submitted by the candidate to the official accepting his declaration of candidacy, but those sums are forwarded to the treasurer of the appropriate party committee. Mo. Rev. Stat. § 115.357 (2).

Under the statute and facts as alleged in Plaintiff's Complaint, Defendant had no role other than forwarding the money to the correct political party. Defendant was not the one to whom the fee was to be paid or who could accept the fee as paid. The Democratic party did not accept the fee, and thus the fee was never paid as required by statute. Plaintiffs allegation is simply that he tendered the filing fee to Defendant and therefore should be on the ballot for the Democratic Primary. He claims Defendant's return of the fee because the Democratic Party would not accept it is just a pretext to exclude people who express pro-White racial viewpoints. Clearly, these allegations do not support that Defendant violated a clearly established statutory or constitutional right, of which a reasonable person would have known. Defendant's role as described by statute and

3

Plaintiff's pleadings, clearly entitles her to qualified immunity from suit.

The Constitution contains no express provision that guarantees the right to become a candidate. *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp.2d 684 (W.D. Pa. 2003) *citing* 3 Ronald D. Rotunda and John E. Nowak, et al, TREATISE ON CONSTITUTIONAL LAW § 18.32 (3rd ed. 2006); *see also*, Mark R. Brown, *Popularizing Ballot Access: The Front Door to Election Reform*, 58 OHIO ST. L. J. 1282 (1997). Indeed, Plaintiff's Complaint appears not to be alleging that any right to the ballot has been denied (as it appears he could become listed as an independent candidate), but that a right to the ballot for a specific political party, the Democratic Party, has been violated. The Court can not find and Plaintiff does not cite any authority that a political party can not refuse membership to persons who do not share its ideology. If Plaintiff is asserting such a claim, he clearly has named the wrong party in this suit.

Moreover, the provision of the state statute Plaintiff cites, Mo. Stat. Ann. § 115.357 (5), only requires that "no candidate's name shall be printed on any official ballot until the required fee has been paid." It does not appear to, nor has it been interpreted as, creating a requirement that once the filing fee has been paid, a candidate's name must appear on the ballot. In fact, there are other requirements for candidacy that must be met beyond mere filing of the fee. *See, e.g.* Mo. Ann. Stat. §§ 115.347; 115.349. Thus, on the merits of Plaintiff's allegations there appears to be no claim on which relief can be granted.

Even giving Plaintiff's pleadings liberal construction, Plaintiff has failed to plead a violation of a clearly established constitutional right. *See Cross v. City of Des Moines*, 965 F.2d 629, 631 (8th Cir. 1992) (holding that dismissal is appropriate if plaintiff fails to plead a constitutional right which is clearly established). Beyond general allegations, Plaintiff's Complaint is unclear as to what

4

clearly established right he alleges Defendant violated. Accordingly, Plaintiff's § 1983 claim is due to be dismissed for failure to state a claim upon which relief could be granted.

## Plaintiff's Exemplary Damage Claim (Count II)

Plaintiff originally sought exemplary damages in his original complaint. However, Plaintiff has filed a Motion to Withdraw all Claims for Money Damages (Doc. 15). The Motion by Plaintiff to Withdraw all Claims for Money Damages (Doc. 15) is hereby **GRANTED**. The Motion by Plaintiff terminates his Count II claim for exemplary damages.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss with Suggestions (Doc. 11) is hereby **GRANTED**. Plaintiff's complaint is dismissed without prejudice in its entirety. All pending motions are hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that a copy of this Order shall be sent via first class mail, return receipt requested to Frazier Glenn Miller, 17209 Lawrence 1220, Aurora, MO 65605.

**IT IS SO ORDERED.**

DATE:  May 31, 2006  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

5